SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶54 The court of appeals got it right. The majority errs.
¶55 I write separately to make two points.
¶56 First, the court of appeals (correctly) made clear that although "'[s]pecial benefits' in the eminent domain context and the special assessment context [are] similar in definition, they are distinct and different considerations under distinct and different governmental actions."[1] The majority recognizes that unlike in condemnation proceedings, "special benefits" in eminent domain proceedings must affect the market value of the property. Majority op., ¶33.
¶57 Second, the majority stumbles by failing to acknowledge that CED has not overcome the presumption of correctness of the City's actions and has not established a genuine issue of material fact to overcome summary judgment.
*439 ¶58 I agree with Chief Judge Lisa Neubauer, who emphasized these points in her concurrence in the court of appeals: "[CED] has failed to show by 'strong ... clear and positive proof' that the $20,000 special assessments are not reasonable-given that it is undisputed that improvements to the sidewalks, curb and gutters, etc. have been made-and the reasonableness analysis requires only that CED's property be 'benefited to some extent' and that the amount of the assessment can exceed the value of the special benefits."[2]
¶59 The City is entitled to summary judgment.
¶60 For these reasons, I dissent.
¶61 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissenting opinion.

CED Props., LLC v. City of Oshkosh, No. 2016AP474, unpublished slip op., ¶ 24, 2017 WL 218343 (Wis. Ct. App. Jan. 18, 2017).

CED Props., unpublished slip op., ¶ 29.